UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4860

BRENDA MARSHALL MORRIS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4861

PAMELA ANN MORRIS,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Jackson L. Kiser, Senior District Judge.
(CR-96-37-H)

Submitted: May 29, 1997

Decided: June 18, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roland M. Santos, Harrisonburg, Virginia; Thomas J. Wilson, IV,
Harrisonburg, Virginia, for Appellants. Robert P. Crouch, Jr., United

States Attorney, Thomas J. Bondurant, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Brenda Marshall Morris and Pamela Ann Morris appeal their convictions and sentences for aiding and abetting in the obstruction of justice in violation of 18 U.S.C. § 1503 (1994). They maintain that the district court improperly considered inaccurate or untrue evidence during sentencing. Finding no error, we affirm Appellants' convictions and sentences.

The record discloses on the night of Sanford Datcher's murder, both Brenda and Pamela Morris, and another individual, were passengers in a vehicle driven by Omar Yusuf DesAnges. Upon arriving at a location known as Double Toll Gate, DesAnges, who had vowed to kill Datcher, discovered that Datcher was in the area, exited the vehicle with a handgun, and instructed Pamela Morris to drive his car to a nearby residence. DesAnges killed Datcher shortly thereafter.

Appellants pleaded guilty to aiding and abetting in the obstruction of justice, and the government subsequently moved for a downward departure to a term of imprisonment not to exceed five years. See USSG § 5K2.12. The presentence reports provided a guideline range of 78 to 97 months for Brenda Morris and a range of 70 to 87 months for Pamela Morris. Appellants received sentences of thirty-nine months and thirty-five months, respectively.

On appeal, Appellants contend that the court improperly placed great emphasis on DesAnges's statement, made after his guilty plea, that someone in the car pointed out to him that Datcher was in the

2

area. Appellants, however, never noted any objection to the court's consideration of this statement.

In examining the district court's findings of fact during sentencing, this Court reviews for clear error. United States v. Mark, 943 F.2d 444, 450 (4th Cir. 1991). Further, only a preponderance of the evidence need support these facts. United States v. Engleman, 916 F.2d 182, 184 (4th Cir. 1990). Without an affirmative showing the information is inaccurate, the sentencing court is entitled to adopt the findings of the presentence report. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

Resolution of this factual issue is within the province of the trial court and we conclude that such determination was not clearly erroneous. Accordingly, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED